**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **RICHARD MARION,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | |
| **WATKINS CONSULTING, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**COMPLAINT**

Plaintiff Richard Marion, by and through the undersigned counsel, brings this complaint against Defendant Watkins Consulting, Inc., and pleads as follows:

**INTRODUCTION**

1.

Plaintiff Richard Marion ("Plaintiff") brings this action under the Fair Labor Standards Act of 1938 (as amended), 29 U.S.C. § 201 et.seq., (hereinafter "the FLSA") to (1) recover the overtime pay that was due him but not paid; (2) to recover an additional amount as liquidated damages; and (3) to recover his costs of litigation, including his reasonable attorneys' fees.

## SUBJECT MATTER JURISDICTION

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

## THE PARTIES

3.

Watkins Consulting, Inc. ("Defendant") employed Plaintiff as a "Senior Professional within the Banking and Commercial Real Estate Industry."

4.

Plaintiff was employed by Defendant from July 27, 2010 until September 5, 2011.

5.

At all times relevant to this suit, Plaintiff was an "employee" of Defendant as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

Plaintiff, at all times material, resided in DeKalb County, Georgia.

7.

During the time he was employed by Defendant, Plaintiff worked primarily from his office located at 3778 LaVista Road, Suite 300, Tucker, DeKalb County, Georgia 30084.

8.

Approximately sixty percent (60%) of Plaintiff's work on behalf of Defendant was conducted in DeKalb County, Georgia.

9.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

10.

As part of his employment with Defendant, Plaintiff regularly used the instrumentalities of commerce including interstate travel, the U.S. Mail, other commercial document carriers, phones, faxes, internet connections and electronic mail.

11.

Plaintiff traveled from his home in DeKalb County, Georgia to Washington, D.C. for training in furtherance of Defendant's business interests.

12.

Plaintiff traveled from his home in DeKalb County, Georgia to the State of Texas in furtherance of Defendant's business interests.

13.

Plaintiff traveled from his home in DeKalb County, Georgia to the State of Illinois in furtherance of Defendant's business interests.

14.

From on or about July 27, 2010 until September 5, 2011, Plaintiff Richard Marion was "engaged in commerce" as an employee of Defendant as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

Defendant is a corporation organized under the laws of the State of Maryland with a principal office address located at 4800 Hampden Lane, Suite 950, Bethesda Maryland 20814.

16.

At all times material hereto, Defendant was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

17.

During Plaintiff's employment, Defendant performed business within the state of Georgia through the efforts of Plaintiff and at least one other employee.

18.

Defendant's website has, at all times material, been available in the State of Georgia.

19.

During Plaintiff's employment, Defendant earned revenue from the work performed in Georgia by Plaintiff.

20.

Defendant performed work in the State of Georgia through the efforts of at least one other employee.

21.

During Plaintiff's employment, Defendant earned substantial revenue from the work performed in Georgia by Plaintiff and at least one other employee.

22.

Defendant entered into an employment agreement with Plaintiff while Plaintiff resided in the State of Georgia.

23.

Defendant issued and delivered a laptop computer to Plaintiff in Georgia for the express purpose of engaging in commerce and in furtherance of Defendant's business interests.

24.

Defendant transacts business within this State within the meaning of O.C.G.A. § 9-10-91.

25.

Defendant is subject to the personal jurisdiction of this Court.

26.

Defendant may be served with process through its registered agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201.

27.

From on or about July 27, 2010 until September 5, 2011, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

28.

During 2010, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2011, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

30.

During 2010, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

31.

During 2011, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

32.

During 2010, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

33.

During 2011, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

34.

At all times material hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

35.

Plaintiff was paid by Defendant on an hourly basis.

36.

Plaintiff was not paid on a salary basis within the meaning of the FLSA.

37.

At all times relevant to this suit, Plaintiff was not exempt from entitlement to the payment of an overtime premium pursuant to 29 USC § 213.

**COUNT I — FAILURE TO PAY OVERTME**

38.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

39.

At all times material hereto, Richard Marion has been an employee covered by the FLSA who was entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

40.

During his employment with Defendant, Richard Marion regularly worked in excess of forty (40) hours each week

41.

Defendant knew or should have known that Plaintiff regularly worked in excess of forty (40) hours each week.

42.

Defendant failed to pay Richard Marion at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 27, 2010 through September 5, 2011.

43.

Defendant's failure to pay Richard Marion at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 27, 2010 through September 5, 2011 was willful.

44.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

46.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/ MICHAEL A. CALDWELL.

MICHAEL A. CALDWELL
GA. BAR NO. 102775

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

/S/CHARLES R. BRIDGERS

CHARLES R. BRIDGERS
GA. BAR NO. 080791

COUNSEL FOR PLAINTIFF